I don't know how my colleagues feel. Are y'all ready to proceed to the third case? Okay, then I'll call the case of James Larweth v. Magellan Health. I'm not sure I'm on the video. That's been shown. You're not on my video. May I suggest we take a break? Yes, yes. So my watch says 10, 12, and what three minute break or you want longer? I was just to give some opportunity to figure this video out. Okay, we'll take a five minute break then. Thank you. I can't start the video because it says the host has stopped it. Okay, now it's on. I'm going to go ahead and stop everybody's video while we're breaking and then we'll restart. 6          17 18 19 20 21 22 23 24 25 26 27 28 29 30 31 31 3 2 1 0 1 0 0    0 0 0 0 1 0 0 0 0 0 0 0 1 1 0 1 4 3 4 3 4 3 4 3 4 5 4 5 4 4 3 4 4 3 4 6 3 4 5 6 3 4 4 5 5 6 3 4 5 5 3 4 4 4 5 6 3 4 5 4 5 4 3 4 5 6 3 4 4 5  6      4 3 3 4 4 4 4 4 4 4 3 4 4 4 1 1 1 1 1 4 5 5 6 7 6 3 5 4 4 4 4 4 4 5 3 3 3 2    . . . . . . . . . . . . . . . . . . .  . . . .. Good morning We can see you now I'm not sure your colleague is here Is Miss Cox on? Okay Great All right Well then I will try again I will call the C And good morning Mr. Singer Thank you, Your Honor And may it please the court I'm Stuart Singer on behalf of the appellate James Larwin There are several independent issues that warrant reversal of the preliminary injunction as a matter of law I liken my argument to focus on two One will be the decision as a matter of law that would require the issue of prior breach of terms of the employment agreement that relate to a bonus and commissions that would be received in a separate document We think the court was erred in saying that those are not incorporated as a matter of law and so the issue of prior breach did not have to be considered beyond that And second the court did not enforce federal rules so procedure 65's requirement of evidence of irreparable injury Instead preferring to use a Connecticut law presumption when in federal court it's rule 65 that should govern And despite the fact that even by the terms of the Connecticut law that presumption doesn't apply when there's been a delay between the state and   court and the district court the motion for preliminary injunction is brought Before turning to those two arguments however I'd like to say a few words about the status of the case in the district court because the case is set for a jury trial on January 5, 2021 Of course due to COVID no one can be certain that it will actually proceed at that time There are issues in the case on the claim by Magellan for damages from breach The court has granted a summary judgment on enforceability of the non-compete agreement and the non-solicitation of customers but not the employee non-solicitation provision There are also claims by Larworth for damages that will be tried So although that trial is coming up this appeal from a preliminary injunction still matters very much First of all the preliminary injunction remains in effect and it's preventing Mr. Larworth from competing in the manner he would like to do And second Magellan is claiming at the trial that they're entitled to a permanent injunction to tack on to the covenant which would expire by its terms in January 21 a longer period of time If the preliminary injunction was wrongful it would be improper to extend it further I note that even the terms of the order entered by the district court does not as it should terminate in the time in January 2021 when the three-year period from the termination of Mr. Larworth occurred back in 2018 So I'd like to turn to the first argument of prior breach There's no question that a prior breach of an employment agreement is a complete and full defense under Connecticut law to a case like this There's also no question that the district court did not reach that defense on the merits because of a legal determination that the bonus commission incentive plans would be in a separate document that was not yet in existence at the time the employment agreement was signed And that's error because a future agreement can be incorporated into an employment agreement here and it was expressly referenced in the employment agreement that Mr. Larworth will be eligible for these benefits This does not contradict any of the terms of the employment agreement that was in existence Rather, it particularized those obligations And that is what Connecticut courts have said is entirely proper We cite in our brief cases from Connecticut such as the McKenzie case where the court says if the provisions will only explain or particularize the obligations to the parties there's no obligation to the parties The Mosby case found a description of benefits was properly incorporated And the Lam case which we cite which is a federal case in Connecticut dealt with future plan amendments to options that were not yet into effect Think about the effect of an alternative ruling that would allow parties to avoid obligations to their employees by separating the non compete into a separate agreement and saying we're not concerned about the obligations to the employee Those could be breached with impunity and the employee wouldn't have a defense I think the unfairness of that is evident What do you say about the standard that the Connecticut courts have that require that to future agreement into a  agreement that there has to be an ascertainable standard for the new agreement The future agreement I think it has to be read in a way that  parties to avoid obligations and then it's ascertainable and it can't contradict what's already in the agreement If it contradicts then it's hard to ascertain because what would govern but if it only explains and particularizes then I think what you have is a meeting of the minds that whatever that plan will be it's incorporated into the agreement and the employer has to live by it A breach of that is a claim of prior breach of the agreement itself I would turn to the second argument now which is that there is also independent error by accepting here a presumption of irreparable injury and I think the record is clear that the court did apply Connecticut's presumption of irreparable injury it said that expressly and it did not see that in a court's opinion findings of irreparable injury in this context would be findings that the plaintiff was harmed by certain acts and it would not be possible to determine that with certainty so you have irreparable injury or lack of good will that is the conclusion of the injunction where the district court says that through 13 through 14 talking about your argument such an argument ignores the fact that the market is as fluid as the    flood   here in Connecticut and the district court doesn't make a presumption there is no statute under Connecticut law even if one accepted the presumption under Connecticut law they wouldn't be able to prove that harm and in those circumstances and only those circumstances is the presumption applicable and that is set forth in our briefs and there is a case that is directly on point with respect to that and that is the presumption applies when the plaintiff moves immediately and there is no opportunity to show the effects of the violation and I would note that all the debate in the briefs about whether the court found it was an excuse to delay in bringing a claim whether it was settlement conversations or something like that is beside the point. Those may be relevant to a latches defense but not whether the presumption applies. The presumption only applies when there isn't delay and the courts say that and the logic of it is if you have delayed nine months for whatever reason you should be in a position to come forward with evidence to prove your irreparable injury and therefore for both of those reasons rule 65 says you do not have     with evidence to prove your irreparable injury. I want to make note that this is an unusual case where people talk about the public interest and here there is also an issue regarding whether the public interest      I   say that the public interest is the most important issue that we have to address. Thank you. Thank you. Thank you. Thank you. We will move forward. Good morning. My name is Joyce and I re welcome you to our first hearing. We will begin shortly.  will begin shortly. We will begin shortly. We will begin shortly. We will begin shortly. We will begin shortly. We will  shortly.   begin shortly. We will begin shortly. We will begin shortly. Mr.  Mr. Larwith won business from several of them. Every single piece that he obtained in his new company came from Magellan's clients that he and his team directly service while he was at Magellan. This business that Larwith won as testified to in May of 2019 at the preliminary injunction hearing generated $16 million at that time for Mr. Larwith. Importantly, Larwith does not dispute that he is directly competing and violating the restrictive covenants, which is why this case is very different than many non-compete types of cases we have seen. It's rare that I've ever seen and I'm certainly not the most experienced person on the Zoom call right here, but it's rare that I've seen where a lawyer for a client specifically tells somebody I am going to compete against you. I am going to break whatever covenant that's there. It's not in my view not enforceable and I'm going to take $20 million of your business. That, as I understand, happened in June of the year that Mr. Larwith was terminated. Why does that not put Magellan on notice at that point that it immediately needs to seek to enforce what it views as an enforceable restrictive covenant? And why does the failure to do that not diminish any argument regarding irreparable harm? Your Honor, the record is clear. There's a very fulsome record with respect to the timing of this that the district court considered in very careful detail. In June of 2018, you're right, there was a letter and we would submit that it was a bold proclamation, but immediately Magellan set out to understand what are you competing, in what specific area, what will you be doing, are you going after our customers and endeavor to ask questions? And we got no meaningful response. And that certainly didn't have all the information and that's probably true of every seeking of an injunction, but he definitely said I am competing in this very space that my non-solicitation and not compete agreement say I don't think that he gave any opportunity or any information as evidenced over the next several months to meaningfully understand exactly what he was doing. Is the law that a party is required to engage in full discovery and have full knowledge before they are at least on notice that someone is violating a provision and need to file a preliminary report? I don't think it's either. I think it's kind of a hybrid. The law certainly doesn't say that as soon as you know you have to file and the law certainly doesn't say you get full evidence, but as these cases go, many times you will go to the court and you will go  district court. It's not necessarily able to satisfy our good faith obligations to say here's the harm that we're suffering. In fact, as the court analyzed at the lower court level, there were opportunities for us to try to understand what exactly was going on so that we could determine whether it was proper to go in and get an injunction. I needed full discovery of the clients that are there and until they answered my interrogatory, I could not file, even though by then in November you had filed a counterclaim based on the violation there. How could you have met the rule 11 good faith obligations to have filed a counterclaim in November of 2018 and then not file the preliminary injunction until March? There seems to be a disconnect there. We obviously believe we satisfied the rule 11 obligations when we filed the counterclaim because at that point he continued to be evasive and we felt we had no choice. We went back and forth for a bit of time to try to understand and without getting any further we said we don't have any choice here but to file based upon these proclamations. That's why I said the context is important because as the district court is well informed   it's important to have that information. You may have done that with regard to discovery. You can't say he hit the ball in terms of what his intentions were and what he wanted to do. Rarely do you see someone admit that clearly that they are in violation of an agreement. I think that's true but when you're looking at the delay issue the district court considered all of those issues and found the delay was reasonable and that's a factual finding that the district court made in light of the entirety of the record below. Correct me if I'm wrong but  district court said that the agreement was unenforceable so it required you to do some work to figure out what his position was, whether he was right, et cetera. Correct. Would you mind talking about the contract issue about the incorporation of the employment agreement? I'll just tell you I think that's the best argument that the other side makes. Yeah, absolutely, Your Honor. First of all, three important points and obviously our position is that we think that the judge properly found that the agreement was not incorporated by reference. Factually, there's no language in either the employment agreement or the 2015 commission plan which incorporates by reference the other. Number two, it's undisputed that the 2015 commission plan was not even contemplated or in existence until more than one year after the employment agreement was signed. And in fact, at the time the agreement was signed, there was no commission plan in place whatsoever. But does that matter? Does that matter under Connecticut law? Yes, I think it does matter because it goes to the knowledge of an assent issue which I'll get to in one moment if I could, Your Honor. The CEO testified at the preliminary injunction and he's the one that drafted it. He testified that the commission plan was a standalone document unrelated to the employment agreement. That evidence was uncontroverted. But I think the most important point is that the language that Mr. Larworth relies on is very general and it states only that he will be eligible to participate in any annual incentive bonus plan during his employment. It speaks of hypothetical and potential future plans and does not contrary to Mr. Larworth's position explicitly reference any specific plan and certainly doesn't  the 2015 plan. And if you look at the housing authority case and the housing authority case and the housing authority case and the prospect and the prospect as omitted     change plan. The   that would not be able to reiterate and make oneself aware that there is no doubt that discussion is going on. The only substitution of that is contract a clear standard for promulgating new rules to substitute for the knowledge and assent rule. You cannot have knowledge and assent when the plan is not contemplated at the time. There is nothing that would give him the ability to agree to the terms. Second, there is a complete absence in the employment agreement of any standard nonetheless an ascertainable standard for promulgating the new rules. How can you say it's not contemplated? The agreement section 4B says employee also will be eligible to participate in any annual incentive bonus plan and any long-term incentive plan applicable to employee by their terms respectively. It's contemplated there will be an annual incentive plan and long-term incentive plan. If you look at  agreement, the annual incentive bonus plans was contemplated, but this particular plan was not contemplated. In particular, there was no plan in 2014. So I think it is a hypothetical future that if there are plans, he can participate in them. But, again, there would need to be a particular document. If that were the case, then any document that was a subsequent document could be a particular document. You could argue any document is adding details. There would be no limit. It is a nonsensical argument to say this is a particular document because it doesn't meet either of the requirements in housing authority. There is no knowledge and assent of the terms and there is no ascertainable standards. The cases to which he  completely opposite. I believe in LAM, which is the stock option plan, they discussed that there were clear ascertainable standards and they discussed how those terms were going to be derived. If I could move on to the irreparable harm argument briefly. While I have you, Ms. Koch, the terms of the noncompete agreement were three years, which would be up in January of next year, right? Yes, your honor.   the noncompete agreement does not end in January of next year. As I read it. There is not a date, correct, your honor, but I think it is implied that it would end upon trial or upon the entry of a permanent injunction or by its own terms with respect to expiration of the noncompete itself. Can I ask you about that? If the trial goes past the expiration date in January of 2021, you say the permanent injunction is still in effect? No, your honor. I believe it is on its own terms. Are you seeking that? We are. On what basis? I guess that is not really before us. I am just curious. It is not. As a matter of general principle, there was quite a bit of time that had elapsed where he was violating the agreement. Thank you. I just want to get to this irreparable harm issue because this entire issue of the presumption is Mr. LaRue's counsel's provision. There is no error in relying on a presumption under Connecticut law. More importantly, the district court did not rely solely on the presumption. We believe it made findings and it made clear findings of actual harm. I think Mr. LaRue's language was certainly when you read that on the whole, the district court stated Magellan has established sufficient irreparable harm to support the issue of a preliminary injunction. The word sufficient is showing that Magellan has met the necessary amount of proof. And I will just say . What did the evidence show? What did the evidence show? With respect to there was a plethora of evidence of irreparable harm. It showed we had lost business. It showed we had lost opportunities with respect to obtaining business. It showed we had lost opportunity with respect to obtaining business. And I see my time has expired. Unless the court has any further questions.  further questions from my colleagues? Thank you, Ms. Cox. I appreciate the presentation. Mr. Singer. Thank you, Ms. Cox. Thank you, your honors. This is a case where Mr. Larworth was fired and he said unmistakably he was going to compete. He did that through his lawyer and language which you normally don't see. That makes that clear in June and later. And the plaintiff did not act. You do not   plaintiff filing a motion for preliminary injunction. All the time parties will face much less than he was told here. Filed a motion for preliminary injunction and seek expedited discovery. Just quickly, even if there was confusion about the motion, the motion for preliminary injunction was actually filed. It was a number of months later because you have March of 2019, I believe. Another five months. Four months from June to October and five months from October to filing a motion for preliminary injunction. Now, the issue of prior breach. First of all, there is no magic words in Connecticut law where you have to use to incorporate the document. The document here makes reference to the fact that the employee will be eligible for a plan for bonuses. Secondly, there is not an issue here of assent. It is the employer who is coming up with this plan. The employer isn't asking for the employee's assent. The employer has his own plan. This would be different if the employee was saying this wasn't a good enough bonus plan. I expected more. Then you would have an ascertainment issue. Not where the employer promulgates the plan and the employer says, you said you would pay me. The district court doesn't allow that as a defense. It doesn't matter if the CEO says it is a stand-alone document. The issue of incorporation is treated as a matter of law. This court can review that. Mr. Singer, I think that was a good point you just made. Is there any case law that supports that point? I'm not aware of a case law that says that expressly. I think it follows from the idea that you incorporate documents so long as they particularize and describe what you had before. I'm not aware of a case    incorporate documents so long as they particularize and describe  had before. I'm not aware of a case law that says that you incorporate documents so long as they particularize and describe what you had before. I'm not aware of a case law that says that you incorporate  long as they particularly